IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00009-MOC-WCM

| | |
|---|---|
| REBA MCMAHAN ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| V. ) | |
| ) | |
| JOSEPH JONES, JERRY CRISP, and ) | |
| GRAHAM COUNTY SHERIFF'S ) | |
| OFFICE ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court *sua sponte* for case management purposes.

On January 11, 2021, Defendants removed this matter pursuant to 28 U.S.C. § 1331 and § 1441(a) "because Plaintiff asserts an Employee Whistleblower Protection cause of action arising under federal law…." Doc. 1. In support of this statement, Defendants cited to paragraphs 39-44 ("Fifth Cause of Action") of Plaintiff's Complaint. Plaintiff's Complaint also includes claims for Wrongful Termination, Constructive Termination, Failure to Hire, Blacklisting, Sexual Harassment, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, and Punitive Damages. Doc. 1-1.

1

On March 18, 2021, the District Court dismissed Plaintiff's claims for Wrongful Termination, Constructive Termination, and Failure to Hire against Defendant Jones. Doc. 10.

On April 1, 2021, Defendants filed an answer. Doc. 11.

On April 12, 2021, Plaintiff filed a notice voluntarily dismissing the Fifth Cause of Action. Doc. 12.

Though issues have joined, the parties have not submitted a Certificate of Initial Attorneys' Conference. The undersigned is advised that counsel have indicated that such a filing has not been made because the parties believed the matter would be remanded to state court in light of Plaintiff's voluntary dismissal of the Fifth Cause of Action.

However, it is not apparent that the Fifth Cause of Action is the only federal claim asserted by Plaintiff; as noted, Plaintiff has also made a claim for "sexual harassment."

Additionally, even if Plaintiff no longer asserts a federal claim, no party has moved to remand this case to state court. See 28 U.S.C. §1367(c) ("The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if – (3) the district court has dismissed all claims over which it has original jurisdiction"); Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009) ("With respect to supplemental jurisdiction in particular, a federal court has subject-matter jurisdiction over specified state-law claims,

which it may (or may not) choose to exercise. A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary") (internal citation omitted).

**IT IS THEREFORE ORDERED** that:

1. On or before June 23, 2021, the parties shall file either a Joint Motion to Remand or a Certificate of Initial Attorneys' Conference.

2. Alternatively, in the event the parties disagree as to whether this matter should proceed in federal court, any party may file a contested motion to remand on or before June 23, 2021.

Signed: June 15, 2021

W. Carleton Metcalf
United States Magistrate Judge